UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES SCHMIDT,<br>    *Plaintiff*,<br><br>         v.<br><br>CASE CORP. f/k/a CASE EQUIPMENT CORP.,<br>    *Defendant*. | No. 3:16-cv-01995 (JAM) |

**ORDER TO SHOW CAUSE RE BASIS FOR FEDERAL JURISDICTION**

The federal diversity jurisdiction statute provides in relevant part that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). On December 6, 2016, defendant, Case Corp. f/k/a Case Equipment Corp., filed a notice of removal of plaintiff's asbestos litigation on the basis of diversity jurisdiction. It alleges that the amount of controversy exceeds $75,000, and it alleges that the parties are diverse because plaintiff is a citizen of the state of Connecticut, and defendant has its principal place of business in Racine, Wisconsin. Doc. #1 at 2 ¶5.

But defendant corporation does not set forth the state in which it is incorporated, a prerequisite for determining its dual citizenship. *See* 28 U.S.C. § 1332(c)(1); *Hercules Inc. v. Dynamic Exp. Corp.*, 71 F.R.D. 101, 107 (S.D.N.Y. 1976) (noting that the corporate diversity statute "creates a principal of dual citizenship, not one of alternative citizenship" and that "where a corporation is incorporated in state A and has its principal place of business in state B and the adverse party is a citizen of either A or B, diversity is lacking").

Defendant also states that it has been named improperly, and that the proper defendant is "CNH Industrial America, LLC." *See* Docs. #1 at 1, #1-3 at 2. But it has not filed a motion to

substitute the correct party; *see* Fed. R. Civ. P. 25(c); and, even if it had, it fails to set forth the basis for complete diversity, since it has not named any of CNH's members, nor named the citizenship of each of those members. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members.").

It appears that federal diversity jurisdiction is lacking, and the notice of removal does not set forth any other basis for federal jurisdiction. Accordingly, defendant is hereby **ORDERED** to show cause by December 15, 2016, whether this Court has jurisdiction over this case, by filing the proper signed statements about the diversity of the parties, *see* Standing Order on Removed Cases at ¶3, whether defendant intends to move to substitute the correct party in interest, and whether the intended party in interest is completely diverse from plaintiff.

It is so ordered.

Dated at New Haven this 8th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

2